IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LAMAR GURDINE, | : | CIVIL ACTION |
|---|---|---|
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JAY LANE, et al. | : | |
| Respondents, | : | NO. 16-5458 |

**MEMORANDUM**

Presently before the court is petitioner's motion to amend his habeas petition to include "the following claim of Actual Innocence." See Motion to Amend, 6/9/07. Although petitioner motions to have "the following claim of actual innocence" amended to the habeas petition, petitioner fails to elaborate which claim of actual innocence he is in fact wishing to add to the habeas petition.

A review of the petitioner's pending PCRA petition in state court shows that petitioner has raised a claim of actual innocence in the pending second PCRA petition. In petitioner's pending PCRA petition, petitioner argues that he is innocent of the crimes of attempted murder, aggravated assault and related charges against Officer Michael Maresca. See 16-cv-5458, Doc. 14-2, Memo. of Law, 2/10/17. Petitioner argues that Officer Maresca committed perjury when making false statements at trial. Id. Petitioner claims that Officer Maresca testified that petitioner was facing the officer when petitioner attempted to shoot Officer Maresca. Petitioner claims that the medical records show that petitioner was shot in the lower-back and right calf, thus, Officer Maresca's testimony that petitioner was facing the officer was contradicted by incontrovertible physical facts, rendering Officer Maresca's testimony unreliable and proving petitioner's claim of actual innocence. Id.

1

Assuming petitioner is attempting to now raise that same claim of actual innocence before this court, the motion to amend is denied for several reasons.

The Federal Rules of Civil Procedure apply to motions to amend habeas corpus motions. See United States v. Duffus, 174 F.3d 333, 336 (3d Cir.1999), cert. denied, 528 U.S. 866 (1999) (citing Riley v. Taylor, 62 F.3d 86, 89 (3d Cir.1995)). Rule 15(a) provides that a party may amend his pleading once as a matter of course at any time before a responsive pleading is filed. Id.; Fed.R.Civ.P. 15(a). A responsive pleading has already been filed in the instant matter. Rule 15(a) permits a party to amend the complaint after a responsive pleading has been filed only by stipulation or leave of the court, but requires that such leave "be freely granted when justice so requires." Fed.R.Civ.P. 15(a). Although Rule 15 states that leave to amend should be freely given, the court has discretion to deny a request to amend if it is apparent from the record that: (1) the moving party has demonstrated undue delay, bad faith, or dilatory motives; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. See, e.g., Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002). The "question of undue delay requires [that the court] focus on the movant's reasons for not amending sooner" and, "[w]hen a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied." See Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir.2006). In addition, an amendment to a habeas application will be considered futile when the claims are subject to a procedural default or lack arguable merit. Riley v. Taylor, 62 F.3d 86, 91 (1995) (permitting amendment of habeas application where the new claims had arguable merit and appeared to have been fully exhausted and not the subject of a procedural default).

Petitioner has demonstrated undue delay. In the instant matter petitioner offers no

explanation for the delay in bringing this alleged claim of actual innocence in his habeas petition. Petitioner's claim relies upon the alleged perjury of Officer Maresca at trial. Petitioner has been aware of Officer Maresca's testimony and the medical evidence that pertained to petitioner's gunshot wounds since trial. This is not new evidence. Petitioner raised this claim in his pending second PCRA petition, but failed to raise it with this court until the instant motion to amend. Petitioner has failed to offer any reason for his delay in not raising this claim on direct appeal, or in his first PCRA petition, the instant habeas petition, or in any amended habeas petition prior to a responsive pleading being filed in this matter.

Additionally, we find this amendment to a habeas application would be considered futile because petitioner's actual innocence claim lacks arguable merit.

The Supreme Court has never held that "a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." See McQuiggin v. Perkins, 133 S.Ct. 1924, 1931, (2013) ( "We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence."); see also Herrara v. Collins, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) ("claim of 'actual innocence' is not itself a constitutional claim"); Sistrunk v. Rozum, 674 F.3d 181, 187 n. 2 (3d Cir.2012) ("Neither this Court nor the Supreme Court has ever held that a freestanding claim of innocence merits habeas relief."). Nevertheless, a valid claim of actual innocence may serve as a "gateway" to allow a federal court to consider the merits of a separate constitutionally-based claim that would otherwise be barred for procedural or timeliness reasons. Herrara, 506 U.S. at 404; McQuiggin, 133 S.Ct. at 1928 ("actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or ... expiration of the statute of limitations").

3

Thus, petitioner's claim of actual innocence does not entitle petitioner to relief as a freestanding claim. If actual innocence was established it would only allow petitioner to proceed with an underlying constitutional claim. However, petitioner cannot meet the threshold to now raise an actual innocence claim.

Proving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner. Schlup v. Delo, 513 U.S. 298, 324 (1995)., 327, 115 S.Ct. 851; see also House v. Bell, 547 U.S. 518, 536–537, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006).

Petitioner fails to provide any new evidence. As explained supra, Officer Maresca's testimony and the medical evidence that pertained to petitioner's gunshot wounds have been known and available to petitioner since petitioner's trial. This evidence is not new.

Additionally, petitioner has failed to prove that Officer Maresca's testimony and the medical evidence is so probative of innocence that no reasonable juror would have convicted petitioner. Schulp, 513 U.S. at 324. A review of the notes of testimony show that Officer Maresca testified that petitioner was facing the officer, Officer Maresca started to shoot, and then petitioner started to run away, yelped and fell. Officer Maresca testified as follows:

> A: I see my partner fall, I think he's hit. By this time I'm getting ready to get out of my vehicle and at that time [petitioner] turns and points his weapon at me.
> Q: Okay. What happens when he turns and points his weapon at you?
> A: I start shooting.
> Q: Okay. What, if anything, does [petitioner] do?
> A: [Petitioner], he yelps and he drops. He started to run and---yeah, he yelps. He starts to move, he throws his gun, and drops.

See 16-cv-5458, Doc. No. 11, Ex. 1 N.T. 2/9/09, at 46-47. The notes of testimony from Officer Maresca are not in conflict with the medical evidence as petitioner now alleges. Thus, petitioner

4

cannot prove that alleged new evidence is highly probative of innocence.

Consequently, for the reasons discussed supra, petitioner's motion to amend is DENIED.

## **ORDER**

AND NOW, this 13th day of June, 2017, upon consideration of Petitioner's Motion to Amend (Doc. No. 13), IT IS HEREBY ORDRED that said motion is DENIED.

IT IS FURTHER ORDERED that this court's June 6, 2017 order granting petitioner's motion for extension of time to file a traverse (Doc. 12, addressing Doc. 10) still stands. Petitioner shall file said traverse no later than July 6, 2017.

BY THE COURT:

/S LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES CHIEF MAGISTRATE JUDGE