IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMAR GURDINE | : | CIVIL ACTION |
| | : | |
| v. | : | No. 16-5458 |
| | : | |
| JAY LANE, et al. | : | |

## ORDER

AND NOW, this 27th day of July, 2018, upon careful consideration of pro se Petitioner Lamar Gurdine's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, and after independent review of the Report and Recommendation of United States Chief Magistrate Judge Linda K. Caracappa and Gurdine's objections thereto, it is ORDERED:

1. Gurdine's objections (Document 20) are OVERRULED[1];

---

[1] Gurdine seeks relief pursuant to 28 U.S.C. § 2254 from his 2009 state court conviction for attempted murder and related offenses. Gurdine was convicted following a nonjury trial based on his involvement in a shootout with uniformed police officers who intervened in an ongoing gun battle between Gurdine and another individual or individuals. At trial, both of the officers involved in the incident testified that when they approached the scene of the altercation, Gurdine shot at each of them. Gurdine alleges his trial counsel was ineffective for failing to investigate and interview two purported eyewitnesses to the shooting, Genesis Butler and Cheryl Campbell, who he contends would have testified that they never saw Gurdine shoot at the police. Gurdine also alleges his state collateral review counsel was ineffective for failing to seek leave of court before filing a supplemental Post Conviction Relief Act (PCRA) petition raising the foregoing ineffective assistance of trial counsel claim. On July 28, 2017, United States Chief Magistrate Judge Linda K. Caracappa issued a Report and Recommendation recommending that Gurdine's habeas petition be denied. Rejecting the Respondents' argument that Gurdine's ineffective assistance of trial counsel claim was procedurally defaulted, and interpreting Gurdine's claim of ineffective assistance of PCRA counsel as an attempt to establish cause for any procedural default of his ineffective assistance of trial counsel claim, the Magistrate Judge proceeded to address the latter claim on the merits. Applying the two-part test established in *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984), which requires a petitioner alleging ineffective assistance of counsel to show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense," the Magistrate Judge concluded the claim failed because Gurdine had not shown prejudice—i.e., that there was a reasonable probability that, but for trial counsel's alleged errors, "the result of the proceeding would have been different."

Gurdine objects to the Magistrate Judge's prejudice analysis and argues an evidentiary hearing is warranted. The Court disagrees. "In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the

2. The Report and Recommendation (Document 18) is APPROVED and ADOPTED;

3. Gurdine's Petition for Writ of Habeas Corpus (Document 1) is DENIED;

4. Gurdine having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue; and

5. The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:


   /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently," but "whether it is 'reasonably likely' the result would have been different." *Harrington v. Richter*, 562 U.S. 86, 111 (2011) (quoting *Strickland*, 562 U.S. at 696). "The likelihood of a different result must be substantial, not just conceivable." *Id.* at 112. After reviewing the summaries of PCRA counsel's investigator's interviews with the two missing witnesses, and considering this evidence in the context of the entire record in this case, the Court agrees Gurdine has failed to make the required showing of prejudice for the reasons explained by the Magistrate Judge. Campbell saw the incident from inside her residence a block away and admittedly saw only a portion of the altercation as her brother pushed her away from the doorway when the police arrived. Given her vantage point and limited observation of Gurdine's encounter with the police, Campbell's proffered testimony was not exculpatory. And Butler's proffered testimony would have contradicted Gurdine's own statement to police in several significant respects. Notably, both witnesses would have corroborated the officers' testimony that Gurdine was involved in a shootout with another male when the officers arrived on the scene, contradicting Gurdine's statement that he did not have a gun. Because Gurdine has not made a prima facie showing of prejudice, an evidentiary hearing is not warranted in this case. *See Lee v. Glunt*, 667 F.3d 397, 407 (3d Cir. 2012) (holding that where an evidentiary hearing is not barred under 28 U.S.C. § 2254(e)(2), in determining whether an evidentiary hearing is warranted, a court must evaluate (1) "'whether the petition presents a *prima facie* showing which, if proven, would enable the petitioner to prevail on the merits of the asserted claim,'" and (2) "whether the relevant factual allegations to be proven at the evidentiary hearing are 'contravened by the existing record' or the record 'otherwise precludes habeas relief'" (quoting *Palmer v. Hendricks*, 592 F.3d 386, 393 (3d Cir. 2010))). Accordingly, Gurdine's objections to the Report and Recommendation are overruled.